UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| LABARRION HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV619-097 |
| | ) |
| BERNARD HILL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's August 27, 2020, Report and Recommendation, doc. 11, to which the plaintiff has filed objections, doc. 14. The Court **ADOPTS** the Report and Recommendation as its opinion. Doc. 11.

Plaintiff objects to the dismissal of the Unites States as a party because he incorrectly believes that the state of Georgia and the Georgia Department of Corrections are instrumentalities of the federal government. Doc. 14 at 1. In support of this argument, he cites to a definition taken form a section of the Federal Code governing Federal Debt Collection Procedures, which is irrelevant to this action. *Id.*; *see also*, 28 U.S.C. § 3001(a) ("Except as provided in subsection (b), the chapter provides the exclusive civil procedures for the

United States (1) to recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim.")). Even if this section were applicable, he has articulated no discernable argument for why defining a state as "any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, or any territory or possession of the United States," 28 U.S.C. § 3002(14), creates liability in the federal government for actions under the sole authority of a state government. Plaintiff's position eschews the fundamental concepts of federalism that have been a cornerstone of the American model of government for more than two centuries. As such, his objection to the dismissal of the United States as a party is overruled.

Plaintiff objects to the dismissal of his equal protection claims by suggesting disparate treatment in that "other Protestant sects who get to have baptisms and Muslims who get to grow beards and practice their religion." Doc. 14 at 2. This is essentially a reiteration of the argument dismissed by the Magistrate Judge as insufficient to demonstrate that he and the identified other religious practitioners were sufficiently similar. Doc. 11 at 10.

Even if the Court were to accept the overly general position that individuals engaged in different religious practices are similarly situated, mere disparate treatment without an invidious purpose is not enough to offend the

Equal Protection Clause. *See E&T Realty v. Strickland*, 830 F.2d 1107, 1114 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988) (holding that intentional discrimination is required for an equal protection claim). The closest that plaintiff comes to alleging such intent is claiming that he was told that the Georgia Department of Corrections does not formally acknowledge his faith. Doc. 14 at 2. Without more, plaintiff has failed to sufficiently allege that not excusing him from a policy applicable to the general prison population is an invidious or intentional act of discrimination. As such, the plaintiff's objection to the recommendation that his equal protection claim be denied is overruled.

Plaintiff's objection to the dismissal of his retaliation claims similarly reiterates the arguments of his complaint. He alleges that his assignment to lockdown was in response to a religious exercise and, therefore, was retaliatory. Doc. 12 at 2. In support of this position, he points to exhibits attached to his complaint. *Id.* He does not, however, address the Magistrate's concerns that these documents suggest that the punishment was based on a failure to follow instructions, insubordination, and the making of verbal threats, not religious practice. Doc. 11 at 12–13 (citing doc. 8 at 4). Nor does he contest the application of the Eleventh Circuit's repeated holding that grooming policies, such as the one challenged, do not infringe on a constitutional right. *Id.* Therefore, his objection to the recommendation that his retaliation claim be

dismissed is overruled.

Plaintiff's final objections concern the Magistrate Judge's denial of his various requests for injunctive relief. First, he objects to the Magistrate having reconstrued the requests for injunctive relief to be against the Georgia Department of Corrections, rather than the United States. Doc. 14 at 2-3. As discussed above, this objection is fundamentally flawed as the United States is not a proper party to this case, regardless of the nature of the relief sought.

Plaintiff's objections to the more substantive aspects of the Magistrate's recommendation are also inadequate. The Magistrate Judge recommended that the motions be denied as plaintiff failed to satisfy any of the necessary requirements for the issuance of injunctive relief: (1) likelihood of success on the merits; (2) risk of irreparable injury; (3) the balance of harms were the relief granted; and (4) the impact on the public interest. Doc. 11 at 13-16. In attempting to address these points, plaintiff offers only conclusory statements without justification or explanation. Doc. 14 at 3. For example, as to the risk of irreparable injury, plaintiff avers "[i]rreparable mental, emotional, spiritual, and life[-]threatening injury will be suffered if relief is not granted." *Id.* He does not provide any explanation to as to what type of mental, emotional, or spiritual injury might be suffered, nor does he suggest any reason that his life is threatened. He also does not address the Magistrate's observation that any

potential spiritual injury has already been suffered and could not be corrected by a subsequent injunction. Doc. 11 at 16. As such, plaintiff's conclusory objections to the recommendation that the motions for injunctive relief be denied are overruled.

Accordingly, the Court overrules plaintiff's objection and **ADOPTS** the Report and Recommendation as its opinion. Doc. 11. The United States is **DISMISSED** from this case as an improper party. Plaintiff's equal protection and retaliation claims are also **DISMISSED** for failure to state a claim. The motions for injunctive relief are **DENIED**. Docs. 9 & 10.

**SO ORDERED**, this 14th day of September, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA