IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| LABARRION HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | CV 619-097 |
| BERNARD HILL and ANDREW MCFARLAND, | * | |
| Defendants. | * | |

O R D E R

Before the Court is *pro se* Plaintiff LaBarrion Harris's motion for relief from judgment. (Doc. 17.) Plaintiff moves under subsections (a),[1] (b)(1), and (b)(6) of Rule 60, seeking relief from the Court's Order (Doc. 15) adopting the United States Magistrate Judge's Report and Recommendation ("R&R") that Plaintiff's equal protection and retaliation claims be dismissed. Plaintiff has also appealed the Adoption Order.

While a notice of appeal generally deprives a district court of jurisdiction over the issues in the appeal, a district court may act "in furtherance of the appeal." Mahone v. Ray, 326 F.3d 1176, 1179 (11th Cir. 2003). Considering and denying a Rule 60(b) motion falls within that purview. See id. at 1180. "However,

---

[1] Rule 60(a) allows for the correction of clerical mistakes. Plaintiff does not designate any clerical mistake for correction.

following the filing of a notice of appeal district courts do not possess jurisdiction to grant a Rule 60(b) motion"; they may either deny the motion or "indicate [their] belief that the arguments raised are meritorious." Id.

Federal Rule of Civil Procedure 60(b) permits courts to relieve a party from final judgment for six reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud, . . . misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "Motions under [Rule 60(b)] are directed to the sound discretion of the district court." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984).

Because Plaintiff is proceeding in forma pauperis, the Magistrate Judge screened his Complaint pursuant to 28 U.S.C. § 1915A. The Magistrate Judge concludes in the R&R that Plaintiff's First Amendment, Religious Land Use and Institutionalized Persons Act, and Eighth Amendment excessive force claims survive

2

screening. Through his present motion, Plaintiff complains that neither the R&R nor the Adoption Order rule on these claims. Now that Plaintiff's Complaint has been screened and the above claims were found to be cognizable, he may proceed with them and they will be ruled on in due course once his appeal is resolved.

The remainder of Plaintiff's motion restates his claims for relief, but "Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case." Gonzales v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1291-92 (11th Cir. 2004).

Upon the foregoing, Plaintiff's motion (Doc. 17) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 19th day of October, 2020.

/s/ J. Randal Hall
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA