UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LABARRION HARRIS,                      )
                                       )
                                       )
                Plaintiff,             )
                                       )
v.                                     )          CV619-097
                                       )
BERNARD HILL and ANDREW                )
MCFARLAND                              )
                                       )
                Defendants.            )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the

Magistrate Judge's Report and Recommendation (R&R) of September 7, 2022, (doc. no. 62), to

which Plaintiff has objected, (doc. no. 64), and to which Defendants have responded, (doc. no. 65).

For the reasons stated below, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**,

and Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED**.

(Doc. no. 57.)  Additionally, the Magistrate Judge's Orders directing Plaintiff to appear for his

deposition and answer Defendants' counsel's questions, and terminating Plaintiff's improperly

styled "Motion for Summary Judgment" after construing it as a response to the Defendant's

motion, are **AFFIRMED**.  (Doc. no. 61.)[1]

The Magistrate Judge recommends denying Plaintiff's motion for injunctive relief, finding

that the conclusory, unsupported allegations in the motion do not adequately address each of the

---

[1] Although the Clerk docketed the Magistrate Judge's Order, (doc. 61), and Report and
Recommendation, (doc. 62), separately, the document is the same.  For consistency, the Court cites
to docket entry 61 when discussing the Magistrate Judge's Order and docket entry 62 when
discussing the Report and Recommendation.

factors necessary to support the "drastic relief" of a preliminary injunction. (Doc. no. 62 at 9-11.) Plaintiff initially objects to the recommendation by arguing that "Andrew McFarlane is a party in the case which gives the court jurisdiction to issue a restraining order or injunctive relief against him." (Doc. no. 64 at 1.)   This objection appears to misunderstand the Magistrate Judge's determination that the Court does not have jurisdiction to enter a restraining order or injunction against unnamed "GDC employees, agents, officers, and servants." (Doc. no. 62 at 9, n.4.) Since Andrew McFarland is a named party, he is not included in that analysis. The recommended denial of injunctive relief against McFarland is not based on his status as a party but is instead based on the determination that Plaintiff has failed to carry his heavy burden of showing preliminary injunctive relief is appropriate. (Id. at 9-11.)

Plaintiff's objection does not address any of the factors he must establish to justify injunctive relief. (See doc. no. 64.)   He does not offer any argument as to why the Magistrate Judge's analysis of his Motion is incorrect. (Id.) Instead, he offers new allegations, unrelated to the claims currently pending in this lawsuit, about an apparent plot to kill him. (Id. at 2-3.)[2] These allegations do not alter the Magistrate Judge's analysis of the currently pending motion. For the reasons explained in the Report and Recommendation, (doc. no. 62), Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order is **DENIED**. (Doc. no. 57.)

Plaintiff has also objected to some of the Magistrate Judge's rulings on non-dispositive pre-trial matters. (See doc. no. 64 at 1-2.)   When considering a party's objections to a magistrate

---

[2] Plaintiff's new allegations suggest that he may have new claims he may wish to raise about conduct occurring at the prison. (See doc. no. 64 at 2-3.)   If so, he has not brought them before the Court in a procedurally proper way.   If Plaintiff desires to raise new claims against existing defendants, or add new parties, he must follow the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").

judge's ruling on a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).

First, Plaintiff expresses some displeasure at the Magistrate Judge's disposition of the Defendants' Rule 37 motion, but it is not clear on what grounds. Although Plaintiff purports to "object to all claims of violation on [his] part" related to his deposition, (doc. no. 64 at 1), he does not point to any clear error in the Magistrate Judge's analysis, or the ruling directing him to reappear for his deposition to properly answer the Defendants' counsel's questions. (See id.) While Plaintiff is correct that the Defendants "violated the Federal Rules of Procedure in holding the deposition . . ." without first seeking the Court's leave to depose a person confined in prison, (id. at 1), the Magistrate Judge acknowledged that procedural failure and therefore dismissed, as moot, Defendants' request for sanctions against Plaintiff pending his renewed deposition. (Doc. no. 61 at 6-7.)

Plaintiff also contends that his "Motion for Summary Judgment should receive a ruling on the merits and not be terminated." (Doc. no. 64 at 2.) The Magistrate Judge construed the "Motion for Summary Judgment" as Plaintiff's response to the Defendants' Motion to Dismiss, since the document clearly stated it was filed to "rebut[ ] the defendants['] motion to dismiss." (Doc. no. 61 at 4, n.2 (citing doc. no. 51 at 1).) Additionally, as the Magistrate Judge concluded, the

document styled "Motion for Summary Judgment" does not include any of the supporting materials required by the applicable rules. (Id.) It was not clearly erroneous for the Magistrate Judge to construe the filing as a response to the Defendants' pending motion, particularly where that motion would otherwise have been considered unopposed. See L.R. 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Finally, the deadline for filing Motions for Summary Judgment was recently extended to January 9, 2023. (doc. no. 67.) If Plaintiff wishes to file a properly supported Motion for Summary Judgment, he is free to do so. The Magistrate Judge's Order is not clearly erroneous and is, therefore, **AFFIRMED**. (Doc. no. 61.)

In summary, Plaintiff's objections are **OVERRULED**. (Doc. no. 64.) The R&R (doc. no. 62) is **ADOPTED**, and Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order is **DENIED**. (Doc. no. 57.) The Magistrate Judge's Order is **AFFIRMED**. (Doc. no. 61.)

**ORDER ENTERED** at Augusta, Georgia, this 6th day of November, 2022.

**J. RANDAL HALL, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**